NATHANIEL WILSON *versus* JABEZ H. SOPER.

Where the tenant holds under a sale of the right in equity of redemption,
he will not be ousted by one who has not the record title to such redemp-
tion, although he may have previously paid the mortgage.

This case was REPORTED by APPLETON, J., and is brought
upon a WRIT OF ENTRY to recover possession of lands in the
town of Stetson. Plea, *Nul disseizin.*

The demandant claims title under a mortgage deed of the
demanded premises from D. L. & C. W. Whiting, to E. G.
Allen, dated April 18, 1850, acknowledged May 9, 1850, and
recorded May 28, 1850, together with seven notes described
in said mortgage and secured thereby, given by said Whit-
ings to Allen, for $100 each.

An assignment of said mortgage by E. G. Allen to Nathan
H. Allen, dated February 1, 1855, and recorded February 21,
1855, and a deed of an assignment of the same from N. H.
Allen to the demandant, dated February 9, 1856, acknowl-
edged the same day, and recorded November 24, 1856.

Also an order from E. G. Allen on E. S. Coe, to deliver
the notes above named to N. H. Allen, bearing date Decem-
ber 2, 1854, and by him indorsed to demandant. Also a rec-
ord of the foreclosure of a mortgage of the same premises,
from E. G. Allen to David Pingree and E. S. Coe, dated No-
vember 8, 1843, recorded November 11, 1843, and an assign-
ment of the same from said Pingree and Coe to Lewis Bar-
ker, dated September 19, 1854, recorded September 29,
1854.

Evidence was introduced tending to show payment of the Pingree and Coe mortgage to Barker.

The tenant introduced a warrantee deed from Benjamin Crockett to E. G. Allen, of the demanded premises, dated November 8, 1843, recorded November 11, 1843. Also a mortgage of the same premises, and notes thereby secured, from E. G. Allen to Pingree and Coe, dated November 8, 1843, recorded November 11, 1843. An assignment of the same from said Pingree and Coe to Lewis Barker, dated September 19, 1854, recorded September 19, 1854, with two notes described in said mortgage, given by Allen to Pingree and Coe, of same date as mortgage, $100 each, and interest annually, negotiated to tenant, upon which are two indorsements.

The tenant also introduced a writ, Thomas H. Shaw and George W. Merrill v. E. G. Allen, dated September 6, 1853, on which was attached all the right, title and interest which said Allen had to any real estate in Penobscot county, attachment dated and made September 13, 1853, judgment and sale of the equity of redemption, and a deed from the officer of the same; also a quitclaim deed from Shaw & Merrill.

*N. Wilson*, counsel for the demandant.

*L. Barker*, counsel for the tenant.

The tenant has the record title under the attachment and subsequent proceedings in the action Shaw & Merrill v. E. G. Allen, and the deed of Shaw & Merrill to him. He sets up no title under the Pingree and Coe mortgage, and only puts it into the case to show that there was an equity of redemption in Allen at the time of the seizure on the execution, and that the proceedings were therefore proper in the sale of the equity instead of by levy.

By the deed from Crockett, Allen derived title to the property in 1843. The only conveyance from Allen which the case discloses, as appearing of record, prior to the Shaw & Merrill attachment, is the mortgage to Pingree and Coe.

From the fact that Allen received a mortgage from the Whitings, of the same premises, in 1850, one might infer that he had previously sold the property to them, but no deed is offered, and the case nowhere shows that any deed was given. If it ever was given it was never recorded, and can have no effect against the creditors of Allen.

Shaw & Merrill, in examining the records, trace title into Allen, and unless the records show that title out of Allen, their attachment must hold.

The cases, *Roberts* v. *Bourne*, 23 Maine R., 165; *Veazie* v. *Parker*, 23 Maine R., 170, and *Veazie* v. *Taylor*, 23 Maine R., 246, are all precisely in point, except that they show a deed from the debtor, recorded after the attachment, where as in this case, there is no scintilla of proof that Allen had ever conveyed his equity prior to the attachment.

HATHAWAY, J.   E. G. Allen, in November, 1843, conveyed in mortgage, to Pingree and Coe, a lot of land in Stetson, including the demanded premises, which mortgage was duly recorded, and was subsequently assigned to Lewis Barker in September, 1854, and the assignment thereof recorded.   In September, 1853, Shaw & Merrill, creditors of Allen, attached on *mesne process* his equity of redemption of the mortgaged premises, which was, in due course of legal proceedings, sold on their execution against Allen, at sheriff's sale, and purchased by them in July, 1856, and in August, 1856, was conveyed by them to the tenant, who was in possession of the demanded premises by permission of Barker, the assignee of the mortgage.

The demandant claims title as assignee of a mortgage made by D. L. & C. W. Whiting, to E. G. Allen, in April, 1850, which, by mesne conveyance was duly assigned to him in February, 1856, and on the day of the sale of the equity of redemption he tendered to Barker the amount due on the mortgage to Pingree and Coe, and Barker received it; but that could not effect the tenant's rights, for his title to the right of redemption was, by virtue of his deed from Shaw &

Merrill, by whom it had been acquired, in pursuance of their previous attachment.

The demandant claims that Allen conveyed to the Whitings on the day of the date of their mortgage to him, and that their mortgage was made back to him to secure the purchase money, and that he therefore, as assignee of that mortgage, had the right of redemption, which could not be defeated by the subsequent attachment of Shaw & Merrill.

But the case finds that the *record title* to the equity of redemption was in Allen, when Shaw & Merrill attached, and furnishes no legal evidence of any deed, or notice to them of any deed from Allen to the Whitings, which could defeat their attachment of the equity as the estate of Allen. 23 Maine R., 165, 170, 246, cited by defendant's counsel. *Spofford* v. *Weston*, 29 Maine R., 140; *Abbott* v. *Sturtevant*, 30 Maine R., 40.

*Demandant nonsuited.*